# Rowan, Appellant, *v.* Atlantic Refining Company.

*Negligence—Collision of teams—Skidding—Contributory negligence—Nonsuit.*

1. In an action to recover damages for injuries sustained by a collision between defendant's team and plaintiff's team, the fact that defendant's wagon was on the left hand side of the street instead of on the right hand side is not sufficient evidence of negligence to take the case to the jury, where it appears that defendant's team was being driven upon the left hand side of the street in order to avoid a street car and for the purpose of making a turn toward the right into an intersecting street.

2. In an action to recover damages for personal injuries to plaintiff's husband, resulting in his death after action brought, it appeared that decedent was driving north upon the eastern track of a double line of tracks laid upon a street with an ascending grade; that defendant's team was going south on the same track, having turned into the same to avoid a car, and for the purpose of turning to the right into an intersecting street; that defendant's wagon weighed 4,500 pounds, carried a load approximating 4,000 pounds, and was driven by a three horse team; that as it approached the intersecting street the driver pulled his horses to the west with the intention of clearing the track and turning into the intersecting street; that at the time he had his horses under

control and the team was moving at a slow walk; that he succeeded in getting his wagon off the track except the rear wheels, which skidded a distance of about thirty feet, colliding with the wagon driven by decedent, causing his death. There was no evidence of the failure of the brakes to properly perform their function. There was evidence that plaintiff's husband was familiar with the neighborhood and had a clear view ahead, and that under the circumstances he might reasonably have expected that the defendant's wagon would skid. *Held,* the court did not err in entering a nonsuit.

Argued Jan. 14, 1914. Appeal, No. 286, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1911, No. 2744, refusing to take off nonsuit in case of Anna S. Rowan, Administratrix of the Estate of Charles Rowan v. Atlantic Refining Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit

*Francis M. McAdams,* with him *Wm. H. Wilson,* for appellant.

*Ruby R. Vale,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 16, 1914:

The accident which gave rise to this case happened on Front street between Chestnut and Walnut streets in the City of Philadelphia, on June 9, 1911, between 9.30 and 11 o'clock in the morning; the first mentioned street

runs north and south, and the other two east and west; the width of its cartway is thirty-four feet, and it is in part occupied by two sets of street car tracks, the western, or south-bound, track being in actual use by the traction company, and the eastern, or north-bound, track having no cars running thereon; going south on this street, beginning at a point 285 feet north of Walnut street, there is a falling grade of three per cent. for 224 feet and then a twelve per cent. grade for sixty-one feet; a large wagon of the defendant company, which weighed about 4,500 pounds and was loaded with ten barrels of oil weighing approximately 4,000 pounds, was being drawn by a three horse team down this grade, upon the eastern, or "dead," track; when it approached near to Walnut street, the driver pulled his horses to the westward with the intention of clearing the track and driving out the latter street; he succeeded in getting all his wagon off except the rear wheels, which skidded a distance of about thirty feet and came into collision with a wagon driven by Charles Rowan, the plaintiff's husband, who was going north upon the same track; as a consequence Rowan was severely injured, and subsequently died. The trial judge entered a nonsuit which the court in banc refused to take off, and the plaintiff has appealed.

The negligence alleged in the statement of claim is that the defendant's "team" was "being driven" by its employee "in a careless, reckless and negligent manner." The evidence depended upon entirely failed to sustain this charge; on the contrary, it showed that the defendant's driver had his brakes locked and the team was coming down the grade at "a slow walk." The one witness depended upon by the plaintiff did say, however, that, in his opinion as an experienced teamster, the defendant's driver did not have his wagon under control at the time of the accident; but he explained that he meant by this that, in his opinion, the heavy load upon the rear of the wagon prevented the brakes from controlling

the action of the vehicle, not that the driver was guilty of any misconduct. Aside from this opinion testimony, there is no evidence that the brakes did not properly perform their functions, and the witness in question stated that the distribution of a load upon a wagon was "only one factor, and a very slight one, to cause skidding," which he admitted was "quite a frequent thing" for wagons to do at the place where the accident happened. The appellant contends that this testimony concerning the effect of the alleged improper distribution of the load upon the wagon was in itself enough to take the case to the jury. But the difficulty with this position is that, in the first place, the negligence averred was the careless driving of the team, and not the improper distribution of the load; and, in the next place, waiving that point, if the case was to be decided upon the expert opinions of this witness, it could not be sent to the jury, for by the same character of testimony, he unequivocally convicts the decedent's husband of contributory negligence in deliberately driving his light unloaded wagon, weighing not more than 2,500 pounds and drawn by a single horse, into a place of apparent danger, when he was familiar with the neighborhood and had a clear view ahead with several avenues of escape. This is manifest, for after testifying to the above state of facts, the witness frankly admitted that Rowan could "reasonably have expected" or "anticipated," that the wheels of the defendant's heavy wagon "would skid in the tracks," and that he "should have taken that into consideration" at the time.

The fact that the defendant's wagon was on the east side of the street instead of upon the west, or right hand side, was not sufficient evidence of negligence to take the case to the jury, for the plaintiff's witness testified that a car was coming down on the track which occupied the western side of the street and that the defendant's driver "apparently wanted the car to pass him before he drove over to the right, and about the second house just above

Walnut street, after the car had passed him he drove to the right, and then the tail end of his wagon, that is, the rear wheel of his wagon, skidded along the track and collided with Rowan's." This answer, with the testimony as to the locus in quo and movements of the plaintiff's husband, presents as good a picture of the occurrence as can be found in the evidence, and it is clear from the proofs as a whole that the trial judge could not have permitted the jury to find that the collision was solely due to negligence on the part of the defendant; such a finding would be nothing more than a guess not justified by the evidence in the case, for, so far as the proofs show, this was one of those unfortunate accidents that cannot with any degree of reasonable certainty be attributed to the fault of any one in particular; hence, the nonsuit was properly entered.

The assignments of error are overruled and the judgment is affirmed.